

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-10-2004

# USA v. Bonilla

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3790

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Bonilla" (2004). *2004 Decisions.* Paper 1014.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1014

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-3790
_____

UNITED STATES OF AMERICA

vs.

VICTOR BONILLA a/k/a JOSE BONILLA

Victor Bonilla, Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Criminal No. 96-cr-00281-2)
District Judge:  The Honorable Herbert J. Hutton

_____

Submitted Under Third Circuit LAR 34.1(a)
January 26, 2004

BEFORE: NYGAARD, FUENTES, and STAPLETON, Circuit Judges.

(Filed: February 10, 2004 )

_____

NYGAARD, Circuit Judge.

Appellant Victor Bonilla pleaded guilty to drug crimes under 21 U.S.C. § 846, 21 U.S.C. § 841, and 18 U.S.C. § 2. He appeals his conviction and sentence on the basis that his guilty plea was not knowing and voluntary, because of a deficient colloquy in the District Court. We will affirm.

**I.**

Because the facts are known to the parties, we review them only briefly. Bonilla pleaded guilty to drug crimes under a cooperative plea agreement with the Government. Before Bonilla entered his plea, the District Court conducted the following colloquy, with Bonilla responding that he understood each of his rights as they were explained:

> [T]he maximum penalty of [the crime with which you are charged] is life imprisonment, [with] a ten year mandatory minimum term of imprisonment. . . .
>
> You realize you have an absolute right to go to trial and to force the Government to prove your guilt beyond a reasonable doubt? . . . You would have a right, sir, to a trial by jury or to a trial by a judge sitting without a jury. If the Judge did it, the Judge would decide both the facts and the law. I would not be the Judge to hear it because we have had this conversation. If it were a trial by jury, that jury would consist of a cross-section of the citizens of the Eastern District of Pennsylvania and you could challenge any of them . . .

At that trial you would have a right to move to suppress any evidence that might have been taken from you unconstitutionally or in violation of some rule of procedure or statute . . . At that trial you would have a right to testify, and you would have a right not to testify. . . . At that trial you have a right to compulsory process, that is to say you would have a right to subpoena witnesses . . . At that trial you would have a right to object to any error that might be committed . . . and if you succeeded you could have that evidence excluded or get a brand new trial on appeal. . . . And if it were really bad you could have the whole case thrown out. . . . Whereas if you plead guilty you have a very narrow right of appeal . . .

[W]e are having this conversation, so that I can make sure you know what you are getting into and that you know what you are giving up. . . . [T]here is a chance you are going to get a 5K motion [from the Government] where they give you a nice, sweet, cheap sentence, if you cooperate as they define that term. . . . [T]here is no guarantee that they will make that motion . . . [E]ven if they make that motion, there is no guarantee that I am going to grant it . . . Do you understand that, sir? . . . Knowing all this, do you still wish to plead guilty?

App. at 26, 38-43. Bonilla indicated that he still wanted to plead guilty, and the Court accepted his plea.

At the sentencing hearing several years later, the Government did not enter a motion for a downward departure under U.S.S.G. §5K1.1. The Government refused to enter the motion because Bonilla had not provided "substantial assistance" under the cooperative plea agreement. Bonilla was sentenced to 120 months.

We have jurisdiction over Bonilla's appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## II.

The issue presented is whether the District Court's colloquy was sufficient to make Bonilla's guilty plea voluntary and knowing. We apply a plain error standard of review, since Bonilla made no objection to the colloquy at the time of the plea. *See Johnson v. United States*, 520 U.S. 461, 466-67 (1997); *see also* Fed. R. Crim. P. 52(b). Under the plain error standard of review, Bonilla has the burden to show: (1) there is an error, (2) that is clear and obvious, and (3) that affects his substantial rights. *See United States v. Olano*, 507 U.S. 725, 732 (1993). If these factors are established, the decision to correct the forfeited error still lies within our sound discretion, which we will not exercise "unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotations omitted). "The entire record, and not simply the plea colloquy, should be weighed." *United States v. Dixon*, 308 F.3d 229, 234 (3d Cir. 2002) (citing *United States v. Vonn*, 535 U.S. 55, 59 (2002)).

Federal Rule of Criminal Procedure 11 governs guilty pleas by a defendant. Before a District Court accepts a guilty plea, "the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands" a litany of rights. Fed. R. Crim. P. 11(b)(1). This rule is intended to ensure that a defendant's guilty plea is a voluntary and intelligent

4

decision to waive constitutional rights. *United States v. Powell*, 269 F.3d 175, 180 (3d Cir. 2001). Whether a guilty plea is voluntary and knowing is a "subjective, highly individualized test" in which we must "determine if, given the entire record (including the defendant's individualized circumstances, criminal record, role in the offense, and concession for pleading guilty), it affirmatively appears unlikely that . . . [the defendant's] ability to assess the risks and benefits of pleading guilty" was hampered. *Id.* at 185.

Bonilla argues that despite the lengthy colloquy by the Court, he was not advised of: (1) his right to assistance of counsel during trial; (2) his right to confront and cross-examine witnesses; (3) his right against compelled self-incrimination; (4) his inability to withdraw his plea if the court did not grant a downward departure recommended by the government; (5) the possibility that untruthful answers could later be used against him in a prosecution for perjury; and (6) the terms of the cooperative plea agreement. Bonilla would have us reverse his conviction and sentence on the basis that he was unaware of these fundamental rights. Bonilla's argument relies on the Supreme Court's discussion in *Boykin v. Alabama* of several "important" constitutional rights that are waived when a defendant pleads guilty: the privilege against self incrimination, the right to trial by jury, and the right to confront one's accusers. 395 U.S. 238, 243 (1969).

While the District Court in this case certainly advised Bonilla of his right not to testify and his right to subpoena witnesses, such a colloquy is not adequate to inform a defendant of his important rights, recognized in *Boykin*, against compulsory self-

5

incrimination or to confront one's accusers. Moreover, as noted above, the District Court colloquy, though lengthy, failed to inform Bonilla of additional rights enumerated in Fed. R. Crim. P. 11(b)(1). These failures constituted clear error. *Cf. United States v. Carter*, 619 F.2d 293, 294 (3d Cir. 1980) (analyzing such failures under the previously-used harmless error standard).

We nevertheless conclude that such error did not affect Bonilla's substantial rights. "'Affected substantial rights' in the context of plain error review 'in most cases . . . means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings.'" *United States v. Knobloch*, 131 F.3d 366, 370 (3d Cir. 1997) (quoting *Olano*, 507 U.S. at 734). Accordingly, Bonilla "must show that he would have pled not guilty if he was correctly [advised of his rights], and not merely that there *may or may not* have been a prejudicial impact and that he *might* have not pled guilty." *Dixon*, 308 F.3d at 234. Here, Bonilla does not address this issue of prejudice. He never specifically claims that he would not, or even that he might not, have pleaded guilty if the colloquy had contained the required admonitions. Nor does Bonilla allege that he was otherwise unaware of his rights.[1] Thus, under a plain error standard of review, Bonilla is not entitled to relief.

**III.**

---

1      Indeed, the Government's brief notes that Bonilla's Presentence Investigation Report indicates that he had two previous convictions for aggravated manslaughter and possession of cocaine. Appellee's Br. at 20.

For the reasons set forth, we will affirm Bonilla's conviction and sentence.

_____